**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>       v.<br><br>DELFIN ROBLES-ALVAREZ [7],<br><br>    Defendant. | CRIM. NO. 14-439 (PG) |

**OPINION AND ORDER**

Defendant Delfin Robles-Alvarez ("Defendant" or "Robles") filed a motion under Rule 29 and/or for new trial (Docket No. 336). The government responded opposing the Defendant's request. See Docket No. 342. For the reasons that follow, the court **DENIES** Defendant's motion.

**I. BACKGROUND**

On August 18, 2015, a jury convicted the Defendant of distribution of a controlled substance for purpose of unlawful importation in violation of 21 U.S.C. §§ 959(a), 960(a)(3)&(b)(1)(B), and 963; conspiracy to import a controlled substance in violation of 21 U.S.C. §§ 952(a) and 960(a)(1)&(b)(1)(B) and 963; conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (two counts). Shortly thereafter, the Defendant filed the motion now before the court premised on the government's failure to provide discovery in violation of Brady v. Maryland, 373 U.S. 83 (1963) and insufficiency of the evidence. According to Robles, the government's omission resulted in "surprise testimony" during the interrogatory of co-defendant Hector Manuel Perez-Arizmendi's ("Perez-Arizmendi") at trial, see Docket No. 336 at pages 2-4. In addition, the Defendant argues that the government failed to disclose "impeachment material" regarding Perez-Arizmendi's criminal history, which Robles also asserts constitutes "newly discovered evidence," see id. at page 4. Finally, Robles claims that the government did not present sufficient documentary evidence linking him to the drug enterprise. See id. at page 9. Instead, the Defendant sustains that the government heavily relied on the testimony of cooperating government witness Orlando Robles,[1] whose credibility

---

[1] Orlando Robles is a cousin of the Defendant.

CRIM. NO. 14-439(PG)                                                    Page 2

is tarnished by the fact that he received a "very good deal from the government in order to testify in the case … ." Id.

In its opposition, the government submits that it complied with its obligation to produce all evidence pursuant to the Jencks Act, Brady and Giglio.[2] See Docket No. 342. The several exhibits attached to the government's response evince said production. The government also argues that the so-called "surprise testimony" is neither exculpatory or impeachment evidence and are thus not grounds for neither acquittal or a new trial. Finally, the government asserts sufficient testimonial and documentary evidence was presented to convict the Defendant on all counts beyond a reasonable doubt. See id. at page 8.

## II. STANDARD OF REVIEW

### A. Federal Rule of Criminal Procedure 29

The Federal Rules of Criminal Procedure provide that a court may set aside a jury verdict of guilty and enter judgement of acquittal upon a motion for judgment of acquittal. Fed. R. Crim. P. 29(c). The standard under Rule 29 requires that the court "view the evidence, together with all reasonable inferences that may be drawn therefrom, in the light most favorable to the government, … and while so doing, must ask whether a rational trier of facts could have found guilt beyond a reasonable doubt." See U.S. v. Loder, 23 F.3d 586, 589 (1st Cir.1994) (internal citations and quotation marks omitted). See also United States v. Savarese, 686 F.3d 1, 8 (1st Cir. 2012) ("In making this determination, we consider the evidence (both direct and circumstantial) in the light most favorable to the verdict, eschewing credibility judgments and drawing all reasonable inferences in favor of the prevailing party."). In essence, "[t]he court's duty is to make sure the evidence is sufficient to support the conviction." United States v. Guzman-Montanez, 756 F.3d 1, 10 (1st Cir. 2014). Therefore, "[t]he government need not succeed in eliminating every possible theory consistent with the defendant's innocence, … , and circumstantial evidence alone may be sufficient to provide a basis for conviction." U.S. v. Rodriguez-Duran, 507 F.3d 749, 758 (1st Cir.2007) (internal citations omitted).

In ruling on a motion under Rule 29, "the trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are

---

[2] Giglio v. United States, 405 U.S. 150 (1972) (finding government must disclose material impeachment evidence).

plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." U.S. v. Olbres, 61 F.3d 967, 970 (1st Cir.1995). "The court must reject only those evidentiary interpretations that are unreasonable, insupportable, or overly speculative, and must uphold any verdict that is supported by a plausible rendition of the record." U.S. v. Ofray-Campos, 534 F.3d 1, 31-32 (1st Cir. 2008) (citing United States v. Hernandez, 218 F.3d 58, 64 (1st Cir. 2000)) (internal quotation marks omitted). See also U.S. v. Cruzado-Laureano, 404 F.3d 470, 480 (1st Cir. 2005) ("Ultimately, the court need not believe that no verdict other than a guilty verdict could sensibly be reached, but must only satisfy itself that the guilty verdict finds support in a plausible rendition of the record.") (citing United States v. Gomez, 255 F.3d 31, 35 (1st Cir.2001)).

**B. Federal Rule of Criminal Procedure 33**

Federal Rule of Criminal Procedure 33 provides that upon a defendant's motion, the court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "'The remedy of a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result.'" United States v. Del-Valle, 566 F.3d 31, 38 (1st Cir. 2009) (quoting United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001)). A defendant may ground a motion for new trial on newly discovered evidence or other grounds. Fed. R. Crim. P. 33(b). "A new trial is granted 'sparingly,' and only where there would be 'a miscarriage of justice and where the evidence preponderates heavily against the verdict.'" United States v. Gonzalez-Perez, 778 F.3d 3, 17 (1st Cir. 2015)(citing United States v. Merlino, 592 F.3d 22, 32 (1st Cir.2010)).

"[A] district court has greater latitude in considering a motion for a new trial than it does in considering a motion for acquittal … ." United States v. Merlino, 592 F.3d 22, 33 (1st Cir. 2010). "Motions for new trial are directed to the discretion of the trial court. In considering such a motion, the court has broad power to weigh the evidence and assess the credibility of both the witnesses who testified at trial and those whose testimony constitutes 'new' evidence." U.S. v. Wright, 625 F.2d 1017, 1019 (1st Cir.1980)(internal citations omitted).

### III. DISCUSSION

The court will now analyze the arguments the Defendant raised under the rubric of the standards of review discussed *supra*.

CRIM. NO. 14-439(PG)                                                    Page 4

As previously stated, Robles complains that the government incurred in a Brady violation by failing to disclose in the discovery materials it produced that Perez-Arizmendi had met the Defendant at Orlando Robles' house. The Defendant makes specific reference to the Drug Enforcement Administration's (DEA) investigative reports, known as DEA-6's and the grand-jury testimony transcript the government provided his defense with. As a result, Robles now claims that this portion of Perez-Arizmendi's testimony during trial took the defense by surprise. The Defendant now posits that he was unable to refute this statement, which was particularly harmful because it placed him at a place and time of a meeting in furtherance of the conspiracy he stood accused of.

In response, the government clarifies, and the court agrees, that Perez-Arizmendi did not testify that the Defendant *stayed* for the meeting that took place that day between Perez-Arizmendi and Orlando Robles. Second, the government also evinces its production of documents in compliance with the Jencks Act and Brady. The grand jury testimony attached demonstrates that Perez-Arizmendi was not asked during these proceedings whether he had previously seen the Defendant, and thus, no opportunity arose prior to trial for a transcript of such a statement to exist. See Docket No. 342-6. And although Defendant complains that the DEA-6's failed to include that Perez-Arizmendi ran into the Defendant at Orlando Robles' house, the government contends that this omission does not amount to a discovery violation.

The undersigned concurs with the government's position on this matter and finds that the absence of such content in the DEA-6 the agent prepared is not a discovery violation. As this court has stated before:

> DEA-6 reports are short, concise, summaries of the witnesses' version of the facts as recounted to the agents. … Thus, the fact that a specific piece of trial testimony is not included in a DEA-6 report is not necessarily a reflection on the credibility of the witness, but instead may be the result of an agent's transcription techniques.

United States v. Guzman-Correa, 754 F. Supp. 2d 342, 349 (D.P.R. 2011) (citing U.S. v. Weintraub, 871 F.2d 1257, 1260 (5th Cir.1989)). See also United States v. Houlihan, 92 F.3d 1271, 1288 (1st Cir. 1996) ("The Jencks Act does not impose an obligation on government agents to record witness interviews or to take notes during such interviews.").

Finally, the fact that the Defendant was caught by surprise by these statements and now suggests his defense was unable to properly prepare to refute them is not tantamount to a Brady violation. It is a "well-established principle

CRIM. NO. 14-439(PG)                                                        Page 5

that, under Brady, the government has an affirmative duty to disclose evidence favorable to a defendant, be it exculpatory or impeachment evidence." United States v. Flores-Rivera, 787 F.3d 1, 17 (1st Cir. 2015) (internal citations and quotation marks omitted). Although it would have been useful for Robles' defense team to know about his encounter with Perez-Arizmendi at Orlando Robles' house, the same had neither exculpatory or impeachment value, quite the contrary. Having known this information is not likely to have changed the verdict, and thus, the Defendant's motion is denied on these grounds.

The Defendant also claims that the government failed to disclose Perez-Arizmendi's complete criminal background. Specifically, Robles claims he first became aware of certain elements of Perez-Arizmendi's criminal history after the latter's death. The witness died shortly after trial, allegedly during the perpetration of an armed robbery. The Defendant now states that "[p]olice reports that were made public indicate that Perez-Arizmendi had been involved in a shooting incident, at Ortiz Ward in Toa Alta, and that the Police of Puerto Rico seized $30,000 in cash located inside the vehicle he was riding." Docket No. 336 at page 4. He now claims this information was relevant for impeachment purposes and constitutes newly-discovered evidence as well.

The government's response to that effect is somewhat confusing. It argues that it could not have produced or disclosed to the defense *prior* to trial an alleged criminal act, to wit, the armed robbery attempt, that took place *after* trial and resulted in the witnesses' death. The government dispatches this argument by simply asserting that no Brady violation can be claimed.

The court, however, understands the Defendant's complaint differently. We believe Defendant's motion makes reference instead to Perez-Arizmendi's involvement in certain criminal acts that took place prior to trial, as previously cited from Robles' motion. Notwithstanding, the court finds that the government's opposition clearly documents the production of Perez-Arizmendi's criminal record, including arrest papers documenting a bullet hole in his car's windshield and a seizure of $30,000. See Dockets No. 342-2, 342-3.

At any rate, insofar as the Defendant fails to place this court in a position to determine what specific incidents of Perez-Arizmendi's criminal history were not duly disclosed under Brady, the argument is deemed waived. "It is a settled rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Rodriguez-Rodriguez v. United States, No. CIV. 09-1023 PG, 2015 WL 2194812, at *17 (D.P.R. May 11, 2015)(internal quotation marks omitted)(citing Nikijuluw v.

CRIM. NO. 14-439(PG)                                                    Page 6

Gonzales, 427 F.3d 115, 120 n. 3 (1st Cir.2005)). See also United States v. Diaz-Castro, 752 F.3d 101, 114 (1st Cir. 2014)(finding argument not clearly developed is deemed waived) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)).

And even if the court were to consider Defendant's arguments, it cannot be said that finding out about additional incidents in Perez-Arizmendi's criminal history warrants a retrial. Motions for new trial based on newly discovered evidence require that the defendant show four elements:

> (1) the evidence was unknown or unavailable to defendant at the time of trial;
>
> (2) the failure to discover the evidence was not due to a lack of diligence on the part of the defendant;
>
> (3) the new evidence must be material; and
>
> (4) the evidence would probably produce an acquittal upon retrial of defendant.

United States v. Josleyn, 206 F.3d 144, 151 (1st Cir. 2000) (citing United States v. Ortiz, 23 F.3d 21, 27 (1st Cir.1994)). Notwithstanding, when the grounds for the motion are "that the government failed to disclose evidence required to be disclosed under Brady, either willfully or inadvertently, … we require only that the defendant show a 'reasonable probability' that had the government disclosed the evidence prior to trial, the result of the proceeding would have been different." Flores-Rivera, 787 F.3d at 15-16 (citations omitted). Even under the more defendant-friendly test that applies, the Defendant here fails to make the required showing.[3]

Finally, Robles argues that the evidence was insufficient to convict him. See Docket No. 336 at page 9. He specifically points to the lack of any video recordings or official documents wherefrom the jurors could definitively ascertain that he smuggled drugs while traveling with Orlando Robles. The government responds that the testimony of Orlando Robles and Perez-Arizmendi coupled with the documentary evidence introduced was sufficient to find him guilty beyond a reasonable doubt. In support, the government makes reference to

---

[3] The court also notes that the defense team attacked Perez-Arizmendi's credibility on account of his criminal history. Therefore, even had this allegedly new information been abailable, the court cannot find that a reasonable probability exists that the result would have been different. See United-States v. Previte, 648 F.2d 73, 85 (1st Cir.1981) (holding that newly discovered evidence of recent illegal activity on part of key prosecution witness was not sufficient to require a new trial where defendant had mounted a substantial attack on that witness's credibility at trial).

CRIM. NO. 14-439(PG)                                                    Page 7

the stamps on Defendant's passport, vessel invoices showing he was a passenger along with Orlando Robles and other co-conspirators, Puerto Rico lottery checks and bank statements evincing deposits from Defendant's illegal endeavors. See Docket No. 342 at page 8.

The court agrees with the government. The body of evidence presented during trial, consisting of both testimonial and documentary evidence, weighed heavily in favor of the verdict. "A smoking gun is useful, but not essential." United States v. Ramos-Mejia, 721 F.3d 12, 16 (1st Cir. 2013). See also United States v. Kaplan, 832 F.2d 676, 679 (1st Cir. 1987) ("For us to sustain the jury's determinations we need not find a 'smoking gun,' … ."). In our review, "no premium is placed upon direct as opposed to circumstantial evidence; both types of proof can adequately ground a conviction." United States v. Ortiz, 966 F.2d 707, 711 (1st Cir.1992); see also United States v. Rodriguez, 457 F.3d 109, 119 (1st Cir. 2006).

Accordingly, Robles' requests for acquittal or, alternatively, a new trial are hereby **DENIED**.

## IV. CONCLUSION

For the reasons explained above, the court **DENIES** Defendant's motion for acquittal and/or new trial (Docket No. 336).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, February 4, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE